UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
**GOVERNMENT EMPLOYEES INSURANCE** :
**COMPANY, GEICO INDEMNITY COMPANY,** :
**GEICO GENERAL INSURANCE COMPANY,** : **ORDER ADOPTING REPORT**
**GEICO CASUALTY COMPANY**, : **AND RECOMMENDATION**
:
               Plaintiffs, : 23-CV-9241 (AMD) (AYS)
:
     – against – :
:
**MARK GALPERIN, M.D.; M.A.G.A.** :
**MEDICAL CARE, P.C.; GALPERIN** :
**MEDICAL CARE P.C.**, :
:
               Defendants. :
:
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       The plaintiffs brought this action against healthcare provider defendants, alleging that they submitted fraudulent charges for medically unnecessary healthcare services under New York's no-fault insurance law.  The plaintiffs make fraud, unjust enrichment, and declaratory judgment claims.

       The plaintiffs filed a complaint on December 18, 2023 (ECF No. 1) and served Mark Galperin, M.D. on December 28, 2023, and Galperin Medical Care P.C. and M.A.G.A. Medical Care, P.C. on January 2, 2024 (ECF Nos. 8, 9, 10).  The defendants did not appear or answer the complaint, and the Clerk of Court filed entries of default on February 14, 2024.  (ECF Nos. 15, 16, 17.)

       On May 15, 2024, the plaintiffs filed a motion for default judgment against the defendants.  (ECF No. 19.)  The plaintiffs seek, among other relief, a declaratory judgment relieving them of any obligation to pay claims that the defendants are pursuing in pending

collection actions. (ECF No. 19-7.) The plaintiffs argue that they are entitled to declaratory judgment because the claims in the pending actions are fraudulent. (*Id.* 17–19.) The plaintiffs included a chart listing the defendants who brought collection actions, the claim numbers, the case index or arbitration numbers, the venues, and the unpaid amounts for each claim. (ECF No. 19-3 at 27–28 (Ex. 5, Litigation and Arbitration Run).)

The Court referred the motion to Magistrate Judge Anne Y. Shields on May 16, 2024. (*ECF Order dated May 16, 2024.*) On February 24, 2025, Judge Shields issued a thorough report and recommendation, recommending that the plaintiffs' motion be granted in part and denied in part. (ECF No. 21.) The plaintiff filed an objection on March 10, 2025, challenging Judge Shields's recommendation that the court deny the plaintiffs' request for declaratory judgment. (ECF No. 23.) The defendants did not file a response or objection.[1]

For the following reasons, I adopt the report and recommendation in its entirety.

## LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(1). Objections are reviewed *de novo* when they are "specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to recommendations are required to 'pinpoint specific portions of the report and recommendations to which [they] objec[t] . . . .'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))). If "the [objecting] party makes only frivolous,

---

[1] Neither party objects to the facts and procedural history discussed in the background section of the report and recommendation. Thus, I adopt those facts in their entirety.

conclusory or general objections, or simply reiterates [the party's] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs., LLC*, No. 19-CV-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (citation omitted); *see also Colliton v. Donnelly*, No. 07-CV-1922 , 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) (summary order).  "[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Saada v. Golan*, No. 18-CV-5292, 2023 WL 1993538, at *2 (E.D.N.Y. Feb. 13, 2023) (citations omitted).

## DISCUSSION

The Court has carefully reviewed the portions of Judge Shields's meticulous and thoughtful report and recommendation to which no objections were made for clear error and finds none.

Nor is there any error in Judge Shield's recommendation that the Court deny the motion for declaratory judgement, a recommendation to which the plaintiffs object.  (ECF No. 23 at 6.)  The plaintiffs argue that they should not have to pay claims that are subject to the defendants' pending collection actions against the plaintiffs.  They maintain that they have sufficiently alleged that the unpaid claims are fraudulent and cite cases in which courts in this district have granted declaratory judgment that the insurer-plaintiffs were not required to pay fraudulent claims in pending collection actions.  Judge Shields considered these arguments and rejected them.  *See, e.g.*, *Official Comm. of Unsecured Creditors of Exeter Holdings Ltd. v. Haltman*, No. 13-CV-5475, 2016 WL 128154, at *5 (E.D.N.Y. Jan. 12, 2016) (objections to a report and

recommendation that are identical to those put forth in motion papers are reviewed for clear error).[2]

The Court has reviewed Judge Shields's report and recommendation, the available record, and relevant case law, and finds no clear error in Judge Shields's recommendation that the Court deny the plaintiffs' request for declaratory judgment.  Accordingly, the Court adopts the report and recommendation in full and orders that the plaintiffs' motion for default judgment is granted in part and denied in part.

## CONCLUSION

For these reasons, the report and recommendation is adopted.

**SO ORDERED.**

                                                   s/Ann M. Donnelly
                                                   ANN M. DONNELLY
                                                   United States District Judge

Dated: Brooklyn, New York
        March 26, 2025

---

[2] The plaintiffs also submit the same chart of unpaid claims that they submitted to Judge Shields, except they include the date the actions were filed, the services provider for which the defendant is seeking to recover, and additional information on the case status.  The Court does not consider the new portion of the plaintiffs' chart because it is "evidentiary material which could have been, but w[as] not, presented to the magistrate judge in the first instance."  *Saada*, 2023 WL 1993538, at *2 (internal quotation omitted).